An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KAREN G. OKI,
Appellant,
vs.
EARLE Y. OKI,
Respondent.

No. 61956

**FILED**

NOV 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER AFFIRMING IN PART AND REMANDING IN PART*

This is a proper person appeal from a district court post-divorce decree order concerning child support. Second Judicial District Court, Washoe County; Linda M. Gardner, Judge. As directed, respondent filed a response to the civil proper person appeal statement.

In 2011, the district court entered an order expanding appellant's visitation with the parties' minor child. As the district court concluded that because this arrangement resulted in respondent having the child roughly 65 percent of the time and appellant having the child 35 percent of the time, the district court designated respondent as the primary physical custodian. Appellant did not perfect an appeal from that order.

In 2012, appellant filed a motion requesting that the district court modify its prior order to reflect a joint physical custody arrangement, and thus, she requested a child support modification. The court denied appellant's request to modify custody, but did modify appellant's child support obligation and ordered her to pay $400 per month in child support. In calculating appellant's child support obligation, the district court deducted respondent's share of the costs associated with appellant maintaining secondary health insurance for the

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37469

child. The court failed to address appellant's request that respondent solely cover the child's out-of-pocket healthcare expenses incurred up to $18,000.

On appeal, appellant first contends that the district court abused its discretion in denying her request to modify the custody designation under the court's prior order. But appellant did not perfect an appeal from the prior order and did not establish a change in circumstances warranting a modification. Thus, we conclude that the district court did not abuse its discretion in denying appellant's request. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews a child custody decision for an abuse of discretion).

Appellant next argues that the district court abused its discretion in ordering her to pay $400 monthly in child support. Although appellant asserts that her child support obligation should be less than $400 per month, the record demonstrates that the district court considered the disparity in the parties' incomes and the costs associated with the secondary health insurance policy, and thus, the court did not abuse its discretion in calculating appellant's child support obligation. *See Wallace*, 112 Nev. at 1019, 922 P.2d at 543 (explaining that this court reviews a child support order for an abuse of discretion).

Lastly, appellant argues that the district court abused its discretion in failing to address her request that respondent be responsible for the child's out-of-pocket healthcare expenses up to $18,000. She asserts that these costs equal more than five percent of her gross monthly income, and if respondent paid for all the costs, they would equal only two percent of his gross monthly income. *See* NRS 125B.085(2)(a) (providing

that reasonable healthcare costs are five percent of the parent's monthly income). While the district court adjusted appellant's child support obligation to offset respondent's share of the cost of the secondary insurance policy, it appears that the district court failed to consider appellant's request that respondent be ordered to pay for all of the out-of-pocket expenses. Therefore, the district court abused its discretion in failing to address appellant's request, *see Wallace*, 112 Nev. at 1019, 922 P.2d at 543, and we remand this matter to the district court so that the court can make specific findings in regard to appellant's request that respondent be responsible for the child's out-of-pocket healthcare expenses up to $18,000. We affirm the district court's order as to the other claims raised in this appeal.

It is so ORDERED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[1]We further deny appellant's request that this matter be remanded to a different district court judge.

cc: Hon. Linda M. Gardner, District Judge
Karen G. Oki
Leslie J. Shaw
Washoe District Court Clerk